1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ZARLASHT ZARIF, an individual, and          CASE NO. 10cv2688-WQH-WVG
     EZATULLAH ZARIF, an individual,
12                                               ORDER
                              Plaintiffs,
13        vs.
     WELLS FARGO BANK, NA, a
14   corporation; WACHOVIA MORTGAGE
     CORPORATION, a corporation; CAL-
15   WESTERN RECONVEYANCE
     CORPORATION, a corporation; and
16   DOES 1 through 50 inclusive,
17                              Defendants.

18   HAYES, Judge:

19        The matter before the Court is the Motion to Dismiss the Complaint filed by Defendants

20   Wells Fargo Bank, N.A. ("Wells Fargo") and Wachovia Mortgage Corporation ("Wachovia").

21   (ECF No. 7).

22   **I.    Background**

23        On November 12, 2010, Plaintiffs initiated this action by filing a Complaint in San

24   Diego Superior Court.  (ECF No. 1, Ex. A).

25        **A.    Allegations of the Complaint**

26        In 2002, Plaintiffs executed a Deed of Trust secured by real property located at 519

27   Avenida Blanco, San Marcos, California for the loan amount of $245,600. *See id*. at ¶¶ 3, 8.

28   The Deed of Trust stated that the Lender was World Savings Bank, FSB and the Trustee was

                                         - 1 -                        10cv2688-WQH-WVG

1  Golden West Savings Association Co.

2        Plaintiffs "began falling behind on their mortgage payments," and notices of default and

3  trustee's sale were recorded with the San Diego County Recorder's Office in 2008.  *Id*. ¶ 10.

4  "Plaintiffs tried making partial payments but tellers at Wachovia bank expressed to Plaintiffs

5  that they were instructed not to take any payments."  *Id.*  "Wachovia told them at that time, the

6  only option was to reinstate their loan and pay the past due amount."  *Id*. ¶ 13.

7        "Plaintiffs then made arrangements and borrowed over $25,000 to become current on

8  their loan."  *Id*. ¶ 14.  "They opened an account with Wachovia, deposited the $25,000.00 and

9  told Wachovia that the money was ready to be deposited for reinstatement."  *Id.*  "[J]ust before

10  making that payment, a representative from the bank personally came to the house and

11  informed Plaintiffs that they were eligible for a loan modification under the Mortgage

12  Assistance Plan ... and that they should apply...."  *Id.* ¶ 15.  "Plaintiffs relied on this advice,

13  and in or about February 2009, instead of reinstating the loan," Plaintiffs applied for loan

14  modification.  *Id.* ¶ 16.  Plaintiffs told the bank, which was in the process of being acquired by

15  Wells Fargo, that Plaintiffs "would like to make payments while waiting for the Loan

16  Modification to be completed."  *Id*. ¶ 18.  The bank told Plaintiffs that "the payments would

17  not be accepted unless it was pursuant to a reinstatement quote, and if payments were made,

18  the loan modification process would be interrupted."  *Id.* ¶ 19.

19        After a lengthy period of communications between Plaintiffs and Defendants, in 2010,

20  Defendants tooks steps to proceed with a trustee's sale of the property.  On the Notice of

21  Trustee's Sale, "Defendant Cal-Western was listed as the trustee, even though Plaintiffs had

22  not been notified about any substitution and no substitution was recorded with the County

23  Recorder's Office."  *Id*. ¶ 28.  Defendants "do not have the legal right to foreclose as the real

24  party in interest as a result of Defendants' failure to properly record transfers and assignments

25  of rights resulting in an invalid Notice of Trustee Sale...."  *Id*. ¶ 36.

26        The Complaint alleges eight causes of action: (1) quiet title; (2) violation of California

27  Civil Code § 2923.5; (3) violation of California Business and Professions Code § 17200 *et*

28  *seq*.; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) promissory

1    estoppel; (7) injunctive relief; and (8) rescission.

2         Plaintiffs seek a declaration that Defendants have no right to record the Notice of

3    Default and the Notice of Trustee Sale, an injunction enjoining Defendants from proceeding

4    with the trustee's sale of the property at issue, "[f]or [r]escission of the notice of default and

5    any notice of trustee's sale," and for punitive damages. *Id*. at 28.

6         **B.    Procedural History**

7         On December 29, 2010, Wells Fargo and Wachovia removed the action to this Court

8    on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. §

9    1441(a).  (ECF No. 1).

10        On January 6, 2011, this Court sua sponte issued an Order requiring the removing

11   Defendants to show cause why this action should not be remanded for lack of subject matter

12   jurisdiction.  (ECF No. 6).

13        On January 7, 2011, Wells Fargo and Wachovia filed the Motion to Dismiss the

14   Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 7).  Defendants

15   contend that Plaintiffs' "claims for relief are substantively defective and are ... preempted by

16   the Home Owners' Loan Act." *Id*. at 2.  Defendants request that the Complaint be dismissed

17   with prejudice.

18        On January 19, 2011, Defendants filed responses to the January 6, 2011 Order.[1]  (ECF

19   Nos. 10, 11).

20        On January 24, 2011, Plaintiffs filed a response in opposition to the Motion to Dismiss.

21   (ECF No. 13).  Plaintiffs contend the Complaint adequately alleges each cause of action.  In

22   the alternative, Plaintiffs request leave to amend the Complaint.

23        On February 7, 2011,  Wells Fargo and Wachovia filed a reply in support of the Motion

24   to Dismiss.  (ECF No. 14).

25   **II.    Discussion**

26        **A.    Standard of Review**

27

28        [1] Based upon the responses filed by Defendants, the Court will not sua sponte remand
     this action.

1    Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

2    upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6)

3    is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support

4    a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

5    1990).  To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint

6    "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

7    raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

8    555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

9    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

10   of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to

11   dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,

12   --- U.S. ----, 129 S. Ct. 1937, 1950 (2009).  "[F]or a complaint to survive a motion to dismiss,

13   the non-conclusory factual content, and reasonable inferences from that content, must be

14   plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572

15   F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

16   **B.    Request for Judicial Notice**

17   "A district court ruling on a motion to dismiss may consider documents whose contents

18   are alleged in a complaint and whose authenticity no party questions, but which are not

19   physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06

20   (9th Cir. 1998) (quotation omitted).  Also, "a district court ruling on a motion to dismiss may

21   consider a document the authenticity of which is not contested, and upon which the plaintiff's

22   complaint necessarily relies." *Id*. at 706.

23   The moving Defendants request that the Court take judicial notice of Plaintiffs' Deed

24   of Trust, Wachovia's Substitution of Trustee, and documents related to the status of World

25   Savings Bank and Wachovia as federal savings banks.  (ECF No. 7-2).  Plaintiffs do not

26   oppose the request for judicial notice.

27   The Court finds that each of the documents at issue are properly the subject of judicial

28   notice.  The authenticity of the documents has not been challenged.  Accordingly, the request

- 4 -                                    10cv2688-WQH-WVG

1    for judicial notice is granted.

2        **C.    Preemption**

3        Defendants contend that each of Plaintiffs' claims should be dismissed on the basis that

4    they are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, *et seq.*

5    Federal savings associations, including federal savings banks like World Savings Bank and its

6    successor, Wachovia, are subject to HOLA and regulated by the Office of Thrift Supervision

7    ("OTS"). *See* 12 U.S.C. § 1464; *see also Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005

8    (9th Cir. 2008).   OTS regulations "provide a list of specific types of state laws that are

9    preempted." *Silvas*, 514 F.3d at 1005 (citing 12 C.F.R. § 560.2(b)).   "[T]he types of state laws

10   preempted ... include ... state laws purporting to impose requirements regarding" the following:

11           (4) The terms of credit, including amortization of loans and the deferral and
             capitalization of interest and adjustments to the interest rate, balance, payments
12           due, or term to maturity of the loan, including the circumstances under which a
             loan may be called due and payable upon the passage of time or a specified
13           event external to the loan; ...

14           (10) Processing, origination, servicing, sale or purchase of, or investment or
             participation in, mortgages.
15
     12 C.F.R. § 560.2(b)(4), (10).
16
         As currently pled, each of Plaintiffs' claims specifically challenge the processing of
17
     Plaintiffs' loan modification application and servicing of Plaintiffs' mortgage, and fall within
18
     the specific types of preempted state laws listed in § 560.2(b)(4) & (10).   Accordingly, each
19
     of Plaintiffs' claims are preempted by HOLA.   *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F.
20
     Supp. 2d 1119, 1126 (N.D. Cal. 2010) (holding that state law claims related to allegations that
21
     plaintiffs "were given false assurances that their loan modification with Wells Fargo would be
22
     approved and that there would be no foreclosure while the loan modification process was
23
     pending" were preempted by HOLA); *cf. Silvas*, 514 F.3d at 1005 ("When analyzing the status
24
     of state laws under § 560.2, the first step will be to determine whether the type of law in
25
     question is listed in paragraph (b). If so, the analysis will end there; the law is preempted.")
26
     (quotation omitted) (holding that plaintiff's claim pursuant to California Business and
27
     Professions Code § 17200 was preempted).
28
         For this reason alone, the Complaint is dismissed without prejudice as to the moving

                                            - 5 -                              10cv2688-WQH-WVG

1  Defendants.  Defendants move for the dismissal of each of Plaintiffs' claims for additional

2  reasons, two of which are discussed below.

3       **D.     California Civil Code § 2923.5**

4       The Complaint alleges that Defendants violated California Civil Code § 2923.5, which

5  provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of

6  default ... until 30 days after" the "mortgagee, beneficiary, or authorized agent ... contact[s] the

7  borrower in person or by telephone in order to assess the borrower's financial situation and

8  explore options for the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a)(1), (2).

9  Section 2923.5 provides that "[t]his section shall apply only to mortgages or deeds of trust

10 recorded from January 1, 2003, to December 31, 2007...."  Cal. Civ. Code § 2923.5(i).  The

11 Complaint alleges that Plaintiffs executed the Deed of Trust at issue "[i]n 2002" (ECF No. 1,

12 Ex. A ¶ 8), and the Court has taken judicial notice of the Deed of Trust, which is dated June

13 4, 2002 (ECF No. 7-2 at 21).  Accordingly, California Civil Code § 2923.5 does not apply to

14 this action.  The Motion to Dismiss the § 2923.5 claim is granted.

15      **E.     Misrepresentation**

16      The moving Defendants move for the dismissal of the intentional and negligent

17 misrepresentation claims on the basis that they are inadequately pled.

18      "It is well-established in the Ninth Circuit that both claims for fraud and negligent

19 misrepresentation must meet Rule 9(b)'s particularity requirement."  *Neilson v. Union Bank*

20 *of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d

21 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species

22 of actual fraud.") (citation omitted).  Pursuant to Federal Rule of Civil Procedure 9(b), "in

23 alleging fraud or mistake, a party must state with particularity the circumstances constituting

24 fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) does not allow a complaint to merely lump

25 multiple defendants together but "require[s] plaintiffs to differentiate their allegations when

26 suing more than one defendant ... and inform each defendant separately of the allegations

27 surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP,* 476 F.3d 756, 764-

28 65 (9th Cir. 2007).  "[T]he plaintiffs must, at a minimum, identify the role of each defendant

1  in the alleged fraudulent scheme." *Id.*; *see also Moore v. Kayport Package Express, Inc.*, 885

2  F.2d 531, 541 (9th Cir. 1989) ("While statements of the time, place and nature of the alleged

3  fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.").

4        Even if Plaintiffs' claims for intentional and negligent misrepresentation were not

5  preempted, the Complaint fails to allege the circumstances surrounding the alleged

6  misrepresentations with the particularity required by Rule 9(b).  Plaintiffs do not state the time

7  and place the alleged misrepresentations were made, nor does the Complaint state who made

8  alleged misrepresentations regarding "the availability of a loan modification."  (ECF No. 1,

9  Ex. A ¶ 72).  The Motion to Dismiss the claims for intentional and negligent misrepresentation

10  are granted.

11  **III.  Conclusion**

12        IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED.  (ECF No. 7).

13  The Complaint is DISMISSED without prejudice as to Defendants Wells Fargo Bank, N.A.

14  and Wachovia Mortgage Corporation.  No later than thirty (30) days from the date of this

15  Order, Plaintiffs may file a motion for leave to amend the Complaint, accompanied by a

16  proposed first amended complaint.

17  DATED:  March 23, 2011

18

19                  **WILLIAM Q. HAYES**
                United States District Judge

20

21

22

23

24

25

26

27

28